UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ROCHELLE WALKER,**

    **Plaintiff,**

**v.**

    CASE NO.:

**WEST JACKSONVILLE CARE ACQUISITION, LLC,
d/b/a FOURAKER HILLS REHAB AND NURSING CENTER,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Rochelle Walker, by and through undersigned counsel, brings this action against Defendant, West Jacksonville Care Acquisition, LLC, d/b/a Fouraker Hills Rehab and Nursing Center, and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq. and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district, because all of the events giving rise to these claims occurred in Duval County which is in this district.

## PARTIES

4. Plaintiff is a resident of Duval County, Florida.

5. Defendant operates a rehabilitation and nursing center in Jacksonville, in Duval County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA.

## **FACTS**

11. Plaintiff was employed by Defendant from November 11, 2015 to September 21, 2020 as a Health Information Manager/Medical Records.

12. Plaintiff is a female.

13. Thus, Plaintiff is a member of a protected class, and on account of her protected status, Plaintiff benefits from the protections of Title VII.

14. Plaintiff performed the job for which she was hired in a satisfactory manner.

15. During Plaintiff's employment she was sexually harassed by Defendant's Director of Nursing (DON), Crystal Lockwood (Lockwood).

16. Both Plaintiff and the Lockwood are a part of Defendant's management team.

17. On or about August 18, 2020, in a weekly managers meeting, Lockwood yelled and screamed at Plaintiff.

18. Through a text message to Lockwood, Plaintiff requested a meeting with the DON about the incident and requested a third party be present for the meeting.

19. Lockwood called Plaintiff directly in response to Plaintiff's request for a meeting and told her "you can come in tomorrow and rub on my butt."

20. Plaintiff hung up the phone on Lockwood.

21. Lockwood then texted Plaintiff stating, "don't be hanging up on me."

22. Lockwood then proceeded to call Plaintiff three (3) more times that night.

23. On or about August 19, 2020, Lockwood continued to call Plaintiff.

24. At work, Plaintiff was making copies and Lockwood walked up behind Plaintiff and whispered, "my body is still here."

25. Plaintiff was extremely uncomfortable with Lockwood's behavior and reached out to Human Resources and corporate management.

26. Mr. William Jenkins, Corporate Administration, (Jenkins), told Plaintiff that it would be handled and to go home for the rest of the day.

27. However, it was not handled and Lockwood's inappropriate behavior towards Plaintiff continued.

28. On or about August 20, 2020, Plaintiff reported to another weekly meeting and Lockwood, again, spoke directly to Plaintiff saying, "I love everyone, but I especially love you."

29. Plaintiff, for the second time, went to Jenkins and reported Lockwood's behavior.

30. Jenkins ordered Plaintiff who to not "go to any other meetings unless I'm there."

31. However, Jenkins travels frequently and his handling of the situation effectively isolated Plaintiff from the management team. Meanwhile, Lockwood continued to attend the weekly meetings.

32. On or about August 25, 2020, Plaintiff submitted her complaint about Lockwood's behavior to Defendant's Human Resources.

33. Defendant failed to take any remedial action about the discrimination towards Plaintiff.

34. Thus, Plaintiff was subjected to disparate treatment on the basis of her sex.

35. Plaintiff complained about this disparate treatment to Defendant by informing them of the sexual harassment and discrimination she was experiencing.

36. Defendant took no remedial action in response.

37. On or about September 21, 2020, approximately a month after reporting Lockwood's behavior for the second time, and a month of being left out of the management meetings, Plaintiff was forced to resign her position and was constructively discharged by Defendant

### COUNT I – TITLE VII VIOLATION
### (SEX DISCRIMINATION)

38. Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

39. Plaintiff is a member of a protected class under Title VII.

40. Plaintiff was subjected to disparate treatment on the basis of her sex, including isolating Plaintiff from the management team thus impairing her ability to perform her job and constructively discharging Plaintiff.

41. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

42. Defendant's actions were willful and done with malice.

43. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) An injunction restraining continued violation of Title VII by Defendant;

    d) Compensation for lost wages, benefits, and other remuneration;

    e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    f) Any other compensatory damages, including emotional distress, allowable at law;

    g) Punitive damages;

    h) Prejudgment interest on all monetary recovery obtained.

    i) All costs and attorney's fees incurred in prosecuting these claims; and

  j)  For such further relief as this Court deems just and equitable.

## COUNT II – TITLE VII VIOLATION
## (SEX HARASSMENT)

44. Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

45. Plaintiff is a member of a protected class under Title VII.

46. Plaintiff was subjected to unwelcome harassment on the basis of her sex, including lewd comments and sexual advances from her supervisor, isolating Plaintiff from the management team thus impairing her ability to perform her job, and constructively discharging Plaintiff.

47. The harassment suffered by Plaintiff was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment with Defendant, up to and including the termination of Plaintiff's employment.

48. Defendant knew or should have known of the unwelcome harassment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

49. Defendant's actions were willful and done with malice.

50. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

  ***WHEREFORE***, Plaintiff demands:

  a)  A jury trial on all issues so triable;

  b) That process issue and that this Court take jurisdiction over the case;

  c) An injunction restraining continued violation of Title VII by Defendant;

  d) Compensation for lost wages, benefits, and other remuneration;

  e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

  f) Any other compensatory damages, including emotional distress, allowable at law;

  g) Punitive damages;

  h) Prejudgment interest on all monetary recovery obtained.

  i) All costs and attorney's fees incurred in prosecuting these claims; and

  j) For such further relief as this Court deems just and equitable.

## COUNT III – TITLE VII RETALIATION

51. Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

52. Plaintiff is a member of a protected class under Title VII.

53. Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

54. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by isolating Plaintiff from the management team and constructively discharging her.

55. Defendant's actions were willful and done with malice.

56. In isolating Plaintiff from the management team and constructively discharging her, Defendant took material adverse action against Plaintiff.

57. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under Title VII;

d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e) Compensation for lost wages, benefits, and other remuneration;

f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g) Front pay;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION
### (SEX DISCRIMINATION)

58. Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

59. Plaintiff is a member of a protected class under the FCRA.

60. Plaintiff was subjected to disparate treatment on the basis of her sex, including isolating Plaintiff from the management team thus impairing her ability to perform her job and constructively discharging Plaintiff.

61. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

62. Defendant's actions were willful and done with malice.

63. Plaintiff was injured due to Defendant's violations of FCRA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

k) A jury trial on all issues so triable;

l) That process issue and that this Court take jurisdiction over the case;

m) An injunction restraining continued violation of the FCRA by Defendant;

n) Compensation for lost wages, benefits, and other remuneration;

o) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

p) Any other compensatory damages, including emotional distress, allowable at law;

q) Punitive damages;

r) Prejudgment interest on all monetary recovery obtained.

s) All costs and attorney's fees incurred in prosecuting these claims; and

t) For such further relief as this Court deems just and equitable.

## COUNT V – FCRA VIOLATION
### (SEX HARASSMENT)

64. Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

65. Plaintiff is a member of a protected class under the FCRA.

66. Plaintiff was subjected to unwelcome harassment on the basis of her sex, including lewd comments and sexual advances from her supervisor, isolating Plaintiff from the management team thus impairing her ability to perform her job, and constructively discharging Plaintiff.

67. The harassment suffered by Plaintiff was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment with Defendant, up to and including the termination of Plaintiff's employment.

68. Defendant knew or should have known of the unwelcome harassment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

69. Defendant's actions were willful and done with malice.

70. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

- k) A jury trial on all issues so triable;
- l) That process issue and that this Court take jurisdiction over the case;
- m) An injunction restraining continued violation of the FCRA by Defendant;
- n) Compensation for lost wages, benefits, and other remuneration;

o) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

p) Any other compensatory damages, including emotional distress, allowable at law;

q) Punitive damages;

r) Prejudgment interest on all monetary recovery obtained.

s) All costs and attorney's fees incurred in prosecuting these claims; and

t) For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

71. Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

72. Plaintiff is a member of a protected class under the FCRA.

73. Plaintiff exercised or attempted to exercise her rights under the FCRA, thereby engaging in protected activity under the FCRA.

74. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by isolating Plaintiff from the management team and constructively discharging her.

75. Defendant's actions were willful and done with malice.

76. In isolating Plaintiff from the management team and constructively discharging her, Defendant took material adverse action against Plaintiff.

77. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

- m) A jury trial on all issues so triable;
- n) That process issue and that this Court take jurisdiction over the case;
- o) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under FCRA;
- p) That this Court enter an injunction restraining continued violation of FCRA by Defendant;
- q) Compensation for lost wages, benefits, and other remuneration;
- r) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;
- s) Front pay;
- t) Any other compensatory damages, including emotional distress, allowable at law;
- u) Punitive damages;
- v) Prejudgment interest on all monetary recovery obtained.

  w) All costs and attorney's fees incurred in prosecuting these claims; and

  x) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 17th day of November, 2021.

        Respectfully submitted,

        */s/ Brandon J. Hill*
        **BRANDON J. HILL**
        Florida Bar Number: 0037061
        Direct Dial: 813-337-7992
        **AMANDA E. HEYSTEK**
        Florida Bar Number: 0285020
        Direct Dial: 813-379-2560
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: aheystek@wfclaw.com
        Email: aketelsen@wfclaw.com
        **Attorneys for Plaintiff**